IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

NO. **13-15750-BB**

United States of America,

Appellee,

- versus -

Joseph Dario Kamer,

Appellant.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
_____

BRIEF FOR THE UNITED STATES

Wifredo A. Ferrer
United States Attorney
Attorney for Appellee
99 N.E. 4th Street
Miami, Florida   33132-2111
(305) 961-9130

Kathleen M. Salyer
Chief, Appellate Division

Carol Herman
Assistant United States Attorney

Assistant United States Attorney
Of Counsel

**United States v. Joseph Dario Kamer, Case No. 12-15750-BB**

**Certificate of Interested Persons**

Undersigned counsel for the United States of America hereby certifies that the following is a complete list of persons and entities who have an interest in the outcome of this case who were not included in the Certificate of Interested Persons set forth in appellant's brief:

Herman, Carol

s/ Kathleen M. Salyer
Kathleen M. Salyer
Assistant United States Attorney

## Statement Regarding Oral Argument

The United States of America respectfully suggests that the facts and legal arguments are adequately presented in the briefs and record before this Court and that the decisional process would not be significantly aided by oral argument.

## Table of Contents

**Page:**

Certificate of Interested Persons  ...................................................... c-1

Statement Regarding Oral Argument  ................................................  i

Table of Contents  ......................................................................... ii

Table of Citations  ....................................................................... iv

Statement of Jurisdiction  ............................................................ vii

Statement of the Issue ................................................................. 1

Statement of the Case:

     1.     Course of Proceedings and Disposition in the Court Below  ............ 1

     2.     Statement of the Facts  ..................................................... 3

          The Offense Cnduct............................................................ 3

          Facts Pertaining to Kamer's Sentence................................ 5

     3.     Standards of Review  ...................................................... 12

Summary of the Argument  ............................................................ 13

# Table of Contents

## (Continued)

**Page:**

Argument and Citations of Authority:

      Kamer Has Not Met His Burden of Demonstrating that His

      Within-Guidelines Sentence is Procedurally or Substantively

      Unreasonable……………………………………………………15

      A.    Kamer's Sentence is not Based On Clearly Erroneous Facts

           Concerning the Number of Child Pornography Images That

           Kamer Possessed…………………………………………..15

      B.    The District Court's Failure to Consider the Need to Provide

           Restitution Prior to Imposing Sentence Does Not Require Reversal

           for a New Sentencing……………………………….....18

      C.    The District Court Properly Considered the Need to Avoid

           Unwarranted Sentence Disparities in Sentencing Kamer………...21

Conclusion  ......................................................................................28

Certificate of Compliance ...................................................................29

Certificate of Service ..........................................................................29

## Table of Citations

**Cases:**                                                        **Page:**

*Kimbrough v. United States*,

  552 U.S. 85, 128 S.Ct. 558 (2007) ...................................................8, 10

*\*United States v. Amedeo*,

  487 F.3d 823 (11th Cir. 2007)..............................................................22

*\*United States v. Cubero*,

  ___ F.3d ___, 2014 WL 2595781 (11th Cir. June 11, 2014)............................8, 26

*United States v. Early*,

  686 F.3d 1219 (11th Cir. 2012)............................................................13

*United States v. Flores*,

  572 F.3d 1254 (11th Cir. 2009)............................................................20

*United States v. Gall,,*

  552 U.S. 38, 128 S.Ct. 586 (2007)......................................................12

*\*United States v. Ghertler*,

  605 F.3d 1256 (11th Cir. 2010)............................................................19

*United States v. Gonzalez*,

  550 F.3d 1319 (11th Cir.2008)............................................... 12, 20, 27

# Table of Citations

## (Continued)

**Cases:**                                                                 **Page:**

*United States v. Hunt*,

   526 F.3d 739 (11th Cir. 2008).................................................................27

*United States v. McBride*,

   511 F.3d 1293 (11th Cir. 2007)...................................................... 22, 27

*United States v. Shaw*,

   560 F.3d 1230 (11th Cir. 2009)...................................................... 22, 26

*\*United States v. Tome*,

   611 F.3d 1371 (11th Cir. 2010)........................................................22

## Statutes & Other Authorities:          Page:

18 U.S.C. § 2252 .......................................................................................2

18 U.S.C. § 2256 ............................................................... 1, 2, 16

18 U.S.C. § 3231 ................................................................... vi

18 U.S.C. § 3553 ................................................................ 13, *passim*

18 U.S.C. § 3663 ..............................................................7, 19

18 U.S.C. § 3742 ................................................................. vi

28 U.S.C. § 1291 ................................................................. vi

Fed. R. App. P. 4 ................................................................. vi

Fed. R. App. P. 32 ...............................................................29

## United States Sentencing Guidelines:     Page:

§ 2G2.2 ........................................................................... 6, *passim*

## Statement of Jurisdiction

This is an appeal from a final judgment of the United States District Court for the Southern District of Florida in a criminal case. The district court entered judgment against appellant Joseph Dario Kamer on December 6, 2013(DE:29). The district court had jurisdiction to enter the judgment pursuant to 18 U.S.C. § 3231. Kamer filed a timely notice of appeal on December 16, 2013(DE:30); <u>see</u> Fed. R. App. P. 4(b). This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and authority to examine Kamer's challenges to his sentence pursuant to 18 U.S.C. § 3742(a).

## Statement of the Issue

Whether appellant Kamer has met his burden of demonstrating that the within-guidelines 15-year sentence that the district court imposed in this case is procedurally and substantively unreasonable:

A.  Whether Kamer's sentence is based on clearly erroneous facts concerning the number of child pornography images he possessed.

B.  Whether the sentence must be vacated because the district court failed to consider the need to provide restitution to any victims of Kamer's offenses of conviction prior to imposing sentence.

C.  Whether the district court considered the need to avoid unwarranted sentencing disparities.

## Statement of the Case

### 1.  <u>Course of Proceedings and Disposition in the Court Below</u>

On August 15, 2013, a federal grand jury sitting in the Southern District of Florida returned a two-count indictment that charged appellant Joseph Dario Kamer (Kamer) with possession of child pornography, in violation of 18 U.S.C. §§ 2256(b)(2), 2252(a)(4)(B) and (b)(2) [1] (Count 1); and receipt of child

---

[1]    Specifically, Count 1 charged that Kamer did knowingly possess a Dell laptop computer, which contained any visual depiction that had been shipped and transported using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, and which was produced using materials which had been so shipped and transported, by any means, including by

pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1) (Count 2) (*id.*).   The indictment further alleged, pursuant to 18 U.S.C. § 2252(b)(2), that the visual depictions charged in Count 1 involved a prepubescent minor or a minor who had not attained twelve years of age (*id.*, Count 1).

Kamer pleaded guilty to Counts 1 and 2, pursuant to a written plea agreement (DE:21).   The district court sentenced Kamer to concurrent 15-year terms of imprisonment on Counts 1 and 2, to be followed by concurrent lifetime terms of supervised release, and imposed the customary assessment (DE:29).   At a restitution hearing, which was held within 90 days after sentencing, the district court did not order restitution for any victims in this case, based on the government's representation that "the victim's attorney . . . expressed no desire for restitution in this case" (DE:47:4)

---

computer, and the production of such visual depiction having involved the use of a minor engaged in sexually explicit conduct as defined in 18 U.S.C. § 2256(2), and such visual depiction was of such conduct (DE:8).

2.    **Statement of the Facts**

**The Offense Conduct**[2]

Law enforcement agents executed a search warrant at Kamer's residence, where he lived with his father and younger brother (DE:20).  The warrant was based on a showing of probable cause that someone at that residence was using the ARES peer-to-peer file sharing network to download and receive child pornography (*id.*).  Kamer admitted that he had installed the ARES peer-to-peer filing sharing program software on his Dell laptop computer.  When he was asked what he had searched for, Kamer began to cry and admitted that he had searched for and viewed child pornography (*id.*).  Kamer admitted that he had been viewing child pornography for approximately 12 years and could not stop (*id.*).  He also acknowledged that it was illegal to do so (*id.*) .

---

[2]    This statement of the offense conduct is based on the written factual proffer, which was read in its entirety at the change-of-plea hearing (*see* DE:40:12-16). Kamer agreed with the factual proffer with two minor exceptions that did not affect his guilty plea:   (1) Kamer took the position that he recognized the still frames from various videos that he was shown by law enforcement, but did not admit that he had viewed those videos in their entirety; and (2) Kamer challenged the number of images for which he was held accountable and claimed that at least 40 of the images in question were duplicates of other images. Counsel stated, "And I doubt that would affect his sentence in any way either, but we did feel it was incumbent upon us to place that on the record" (DE:40:16-17).   Kamer's counsel ultimately agreed that the number of images attributed to Kamer exceeded 600 images, the cutoff point for the five-level enhancement under USSG § 2G2.2(b)(7)(D) (*id.* at 18). Counsel later noted that the videos were construed as several images (*id.* at 20; *see* USSG § 2G2.2, comment. (n.4(B)(2) ("Each video . . . shall be considered to have 75 images")).

Kamer stated that his preference was for images for juvenile females around 12 years of age, although he admitted that he had viewed videos involving children as young as two years old (*id.*).  He used specific search terms to locate child pornography files on the ARES network (*id.*).  Kamer admitted that he had viewed child pornography on a Toshiba computer as well as the Dell laptop (*id.*).  Agents showed Kamer still images from three child pornography videos that they had downloaded from an IP (internet protocol) address associated with Kamer's residence (*id.*). Kamer recognized the images (*id.*).

Agents seized computers from Kamer's residence and reviewed their contents (*id.*).  A review of the Dell laptop[3] revealed 103 image files of child pornography and 268 video files of child pornography (*id.*).  According to the factual proffer,

> [t]hose files include primarily prepubescent females, as young as two years of age, engaged in various sexual acts and/or poses consistent with child pornography.  Some of those acts include oral sex and anal/vaginal penetration of the prepubescent females.  Numerous video files are over five minutes in length and at least one is over one hour in length.  Some videos contain sadomasochistic depictions such as the anal/vaginal penetration of a prepubescent child as young as two and three years of age.  There was also more than one child pornography video file involving minors and dogs engaged in sexual acts.

(*id.*).

---

[3]    The written factual proffer described this as a Dell Inspiron 1545 laptop computer model PP41L, serial number 9CPF8H1 (*id.*).

A forensic review of a Toshiba laptop computer[4] revealed 125 image files of child pornography and 135 videos of child pornography (*id.*).  The description in the factual proffer of the contents of those images and videos was essentially the same as the description of the contents of the Dell laptop, quoted above (*see id.*).  In addition, however, the proffer stated that one video on the Toshiba computer "showed a prepubescent female who was blindfolded while performing oral sex" (*id.*). The Toshiba laptop also contained both an image and a video file depicting a prepubescent female being tied up (*id.*).

**Facts Pertaining to Kamer's Sentence**

The offense of conviction in Count 1 was subject to a statutory sentencing range of 0 to 20 years' imprisonment (Presentence Report ("PSI"), ¶ 73).  The offense of conviction in Count 2 was subject to a statutory sentencing range of 5-20 years' imprisonment (*id.*).  Applying the 2013 United States Sentencing Commission Guidelines Manual, the United States Probation Office (Probation) set Kamer's base offense level at 22, pursuant to USSG § 2G2.2(a)(2), which applies to offenses involving the receipt of material involving the sexual exploitation of a minor (PSI, ¶ 26).  Probation applied the following five increases to the base offense level:

---

[4]    The factual proffer described this as a Toshiba laptop computer, Model PSL2XU-00S00T, serial number 26168552W (*id.*).

- two levels, pursuant to USSG §2G2.2(b)(2), because the offense involved a prepubescent minor or minor who had not attained the age of 12 years (PSI, ¶ 27);

- two levels, pursuant to USSG § 2G2.2(b)(3)(F), because the distribution was other than the distribution described in § 2G2.2(b)(3)(A)-(E) (PSI, ¶ 28);

- four levels, pursuant to USSG § 2G2.2(b)(4), because the offense involved material that portrayed sadistic or masochistic conduct or other depictions of violence (PSI, ¶ 29);

- two levels, pursuant to USSG§ 2G2.2(b)(6), because the offense involved the use of a computer or an interactive computer service for the possession and distribution, transmission, receipt, or distribution of the materials (PSI, ¶ 30); and

- five levels, pursuant to USSG § 2G2.2(b)(7)(D), because the offense involved 600 or more images[5] (PSI, ¶ 31).

---

[5] The commentary to USSG § 2G2.2 teaches that a video, video-clip, movie or similar video depiction of child pornography shall be considered to have 75 images. *Id.*, comment. (n. 4(b)(ii)).  As we discuss in argument Section A, below, the number of videos on Kamer's two laptop computers were the equivalent of thousands of images for purposes of this guideline.

With a three-level downward adjustment for timely acceptance of responsibility, pursuant to USSG §§ 3E1.1(a) and (b) (PSI, ¶¶ 37-38), Kamer's total offense level was 34 (PSI, ¶ 39).   The sentencing range at that level in criminal history category I was 151-188 months' imprisonment (PSI, ¶ 74).

As to restitution, the PSI reported that the court shall order the defendant to make restitution to the victims of the offense, pursuant to 18 U.S.C. § 3663(a)(1). Since the victims' losses were not yet ascertainable, the PSI stated that the court shall set a date for the final determination of victims' losses not to exceed 90 days after sentencing (PSI, ¶ 81).

Kamer filed a memorandum in aid of sentencing in which he urged that a sentence below the advisory guideline range of 151-188 months' imprisonment was appropriate (DE:24).   He argued that he had no prior criminal history and that he had accepted responsibility for his actions (*id.*).   In support of his request for a below-guidelines sentence, Kamer cited to several decisions outside the Eleventh Circuit in which courts had sentenced below the guideline range achieved through the application of USSG § 2G2.2 because the resulting sentence was far greater than necessary for a first-time offender who had no history of sexual contact with children, did not produce or sell child pornography, and had accepted responsibility for his crimes (*id.*at pp. 2-5).

Kamer also argued that the guidelines that pertained to child pornography offenses were not "developed by the Sentencing Commission in its characteristic institutional role of basing its determinations on empirical data and national experience" (*id.* at 7). Therefore, he argued, it is not likely that the guideline "reflect[s] a rough approximation of sentences that might achieve [18 U.S.C.] § 3553(a)'s objectives," and that a policy-based variance from such a guideline is not subject to "closer review" and is "not suspect" under the Supreme Court's decision in *Kimbrough v. United States*, 552 U.S. 85, 90, 128 S.Ct. 558 (2007).

Kamer also relied on the Sentencing Commission's 2013 report to Congress on the child pornography guidelines for non-production offenders (*id.* at 8; *see* United States Sentencing Comm'n, *Special Report to Congress: Federal Child Pornography Offenses* (Dec. 2012) "The Commission's 2013 Report").[6]  Kamer argued that the Sentencing Commission had concluded that the existing Guidelines

---

[6]     The Commission's 2013 report centers on USSG § 2G2.2, the guideline that applied here.  The Commission concluded that the current guideline warrants revision for several reasons.  The Commission recommended that Congress should enact legislation providing the Commission with the authority to amend the current guideline provisions.  The Commission recommended congressional action, rather than the Commission's own independent action, because the guideline had been promulgated pursuant to specific congressional directives or legislation.  A fuller discussion of the Commission's 2013 report than Kamer provided to the district court in his sentencing memorandum may be found in this Court's recent decision in (continued)
*United States v. Cubero*, ___ F.3d ___, 2014 WL 2595781 (11th Cir. June 11, 2014).

scheme no longer adequately distinguishes among offenders based on the degrees of culpability (DE:24:9). He further argued that the district court should show no deference to § 2G2.2 because the mechanical application of that section resulted in recommended prison ranges at or near the statutory maximum for first-time offenders such as Kamer, "who are not sexual abusers of children or sexual predators or producers of child pornography" (*id.* at 12).

At sentencing, both the prosecutor and defense counsel stated that there were no objections to the guidelines calculations in Kamer's PSI (DE:41:5). The prosecutor recommended a sentence of 170 months' imprisonment, which was in the middle of the guidelines range of 151-188 months as calculated by Probation (*id.* at 6-7). The prosecutor noted that (1) Kamer had been viewing child pornography for approximately 12 years and admitted that he had been unable to stop; (2) some of the 600 videos of child pornography were more than one hour in length, which was substantially longer than the average video and the guidelines[7] provide that if the length of a visual depiction is substantially more than five minutes, an upward departure may be warranted; (3) the videos contained graphic images, including images of vaginal penetration of infants and children engaged in sex with animals; (4) the victims were real children and the repeated downloading and viewing of child

---

[7]        *See* USSG § 2G2.2, comment. (n. 4(B)(ii)).

pornography fosters the production of such pornography; and (5) Kamer had admitted that he was unable to stop viewing the child pornography and the victims are victimized each time the pornographic videos and images are downloaded and viewed (*id.*at 6-7).

Defense counsel argued in response that there were "significant problems with the way culpability is measured under the current Sentencing Guidelines" (*id.* at 8). He argued that the guidelines were an "outdated measures of culpability" due to the ease of downloading pornographic videos and images from the internet (*id.*). Counsel noted that the enhancements that were applied in this case (*see* PSI, ¶¶ 27-31) applied in nearly every case involving child pornography and substantially increased the guidelines offense level (DE:41:9). Counsel also noted that Kamer had complied with all of the conditions of his pretrial release and argued that "when he is out of custody, it will be no different" (*id.* at 11). Counsel urged the district court to vary downward and sentence Kamer to five years' imprisonment (*id.* at 11-12).

Kamer expressed thanks to his family and friends for their support (*id.* at 12). He also expressed sorrow for his crimes and promised, "I will never do it again" (*id.*).

The district court considered several factors under 18 U.S.C. § 3553(a), including the nature and circumstances of the offense (§ 3553(a)(1));, the history and characteristics of the defendant (§ 3553(a)(1)); the need for the sentence to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment (§ 3553(a)(2)(A)); the need to afford adequate deterrence (§ 3553(a)(2)(B)); and the need to protect the public from future crimes of the defendant (§ 3553(a)(2)(C)) (DE:41:12-15).   The court noted some specific very graphic images in the child pornography videos, including some that had used "minors and dogs"; the number of images and videos; the length of the videos, some of which exceeded one hour; and the ages of the children in the videos (*id.* at 15-16). The court also considered Kamer's expressions of remorse, which the court believed were sincere (*id.* at 17).

Based on all of these considerations, the district court determined that a sentence within the advisory guidelines range was appropriate (*id.* at 18).   The court imposed a sentence of 15 years' (180 months) imprisonment (*id.*).

After the court sentenced Kamer, the court inquired whether there were "any objections to the findings of facts, conclusions of law, manner of imposition of sentence or reasonableness, *from the government* (*id.* at 24) (emphasis supplied). There ensued a lengthy discussion concerning necessity for scheduling a restitution

11

hearing (*id.* at 24-34) and the district court never offered defense counsel an opportunity to state his objections to the sentence imposed or the manner in which it was imposed.

At the restitution hearing, which was conducted approximately four months after sentencing, the prosecutor represented that the government would not seek restitution because the victim's attorney had expressed no desire for restitution in this case (DE:47:8).

### 3.    <u>Standards of Review</u>

In reviewing the reasonableness of a sentence, this Court first considers whether the district court committed a procedural error, such as treating the Guidelines as mandatory or failing to consider the 18 U.S.C. § 3553(a) factors. *United States v. Gall*, 552 U.S. 38, 51, 128 S.Ct. 586, 597 (2007).  If this Court determines that a sentence is procedurally sound, it reviews a sentence's substantive reasonableness by examining the totality of the circumstances, which includes an inquiry into whether the § 3553(a) factors support the sentence in question. *United States v. Gonzalez*, 550 F.3d 1319, 1323–24 (11th Cir.2008). The district court must impose a sentence sufficient, but not greater than necessary, to comply with the purposes listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter

criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a). In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1), (3)-(7). This Court does not substitute its judgment for that of the district court in weighing the relevant sentencing factors absent a clear error of judgment. *See United States v. Early*, 686 F.3d 1219, 1223 (11th Cir. 2012).

## Summary of the Argument

Kamer's sentence is not based on clearly erroneous facts concerning the number of child pornography images he possessed.   The five-level enhancement, pursuant to USSG § 2G22.2(b)(7)(D), for possession of more than 600 images, applied in this case.   The commentary to § 2G2.2 teaches that each video of child pornography is the equivalent of 75 images.   Kamer possessed 268 video files on one of his laptop computers and 135 video files on another laptop.   When these video files are converted to the number of "images," using the multiplier of 75 as the commentary requires, Kamer had significantly more than the 600 images required

for application of the five-level enhancement.  There is no language in the plea agreement or in the written factual proffer that limited the number of images tht Kamer would be held accountable for and, in fact, Kamer's counsel recognized that the application of the multiplier would result in a number of images in excess of 600.

The district court's failure to consider the need to provide restitution to any victims of Kamer's offenses prior to sentencing does not warrant reversal for a new sentencing.  Despite the district court's musings that it might have been more convenient to consider restitution at that point, the statutory scheme that governs the imposition of restitution contemplates that the restitution determination may be made after sentencing where, as here, the victim losses are not readily ascertainable by the time of sentencing.   In any event, the court did not order any restitution in this case and the court's inability to determine whether or not to order restitution prior to sentencing had no impact on Kamer's sentence.

The district court properly considered the need to avoid unwarranted sentencing disparities in imposing concurrent 15-year sentences on Kamer.   That is but one of the factors under 18 U.S.C. § 3553(a) that the district court must consider in determining the sentence.   In this case, the district court carefully considered several of the § 3553(a) factors and determined that several other factors warranted the sentence imposed.   This Court should not substitute its judgment for the district

court's careful analysis in this case.   Kamer has not demonstrated that the district court committed a clear error of law or that the within-guidelines sentence lies outside the range of reasonable sentences dictated by the facts of the case, notwithstanding that other courts have imposed lesser sentence in purportedly similar circumstances.

## Argument

**Kamer Has Not Met His Burden of Demonstrating that His Within-Guidelines Sentence is Procedurally or Substantively Unreasonable.**

### A.   Kamer's Sentence is not Based On Clearly Erroneous Facts Concerning the Number of Child Pornography Images That Kamer Possessed.

Kamer challenges his sentence as procedurally unreasonable on the ground that it is based on clearly erroneous facts (Br. at 22-23). Essentially, he argues that the district court erred in computing his guidelines sentencing range because he was held accountable at sentencing for more images of child pornography than he and the government had stipulated to in the factual proffer.   He is mistaken.

As we read it, Kamer is challenging the five-level enhancement, pursuant to USSG § 2G2.2(b)(7)(D), which was applied because the offense involved 600 or more images (*see* PSI, ¶ 31).   Guidelines § 2G2.2(b)(7) provides for a graduated series of enhancements in child pornography cases based on the number of "images"

15

involved in the offense.   Subsection (D) instructs that the offense level should be increased by five levels if the offense involves "600 or more images."   USSG § 2G2.2(b)(7)(D).   The commentary to § 2G2.2 teaches that, for purposes of the application of section (b)(7), "images" means any visual depiction, as defined in 18 U.S.C. § 2256(5), that constitutes child pornography, as defined in 18 U.S.C. § 2256(8).   USSG § 2G2.2, comment. (n. 4(A)). While each photograph, picture, computer or computer-generated image, or any similar visual depiction shall be considered to be one image, *id.*, comment. (n.4(B)(i)), each video, video-clip, movie or similar video depiction shall be considered to have 75 images, *id.*, comment. (n. 4(b)(ii)).

In this case, as part of his factual proffer, Kamer stipulated that his Dell Inspiron laptop contained 103 child pornography image files and 268 video files (DE:20:3).   Because each of the 268 video files was considered to have at least 75 images pursuant to the commentary quoted above, the video files were the equivalent of 20,100 images (268 x 75= 20,100).   Thus, the Dell Inspiron laptop alone accounts for 20,203 (20,100 + 103 = 20,203) images.   In addition, Kamer stipulated that his Toshiba laptop contained 125 child pornography images and 135 video files of child pornography (DE:20:3).   Because each of the 135 video files was considered to have 75 images, those files were the equivalent of 10,125 images

(135 x 75 = 10,125).   Thus, the Toshiba laptop accounts for 10,250 images (10,125 + 125 = 10,250).   The combined total number of images in the two laptops, calculated using the multiple of 75 required by the commentary to § 2G2.2, is 30,328 images (20,203 + 10,250 = 30,328).

This number is far in excess of the threshold number of 600 images that was required for the application of the five-level enhancement in § 2G2.2(b)(7)(D). Thus, even if there was some minimal "double counting," as Kamer suggests, it surely had no effect on the calculation of his sentence.   In fact, as we have noted, Kamer's counsel essentially came to that conclusion at the change-of-plea hearing when counsel agreed that the number of images attributed to Kamer exceeded 600 images, the cutoff point for the five-level enhancement under § 2G2.2(b)(7)(D), noting that the videos were construed as several images (DE:40:18- 20).

Contrary to Kamer's suggestion (Br. at 23), this number is not greater than the quantity stipulated to in Kamer's plea agreement and factual proffer.   The written factual proffer stated the number of images on each of Kamer's computers (103 on the Dell laptop and 125 on the Toshiba laptop) and it also stated the number of "video files of child pornography" on each of the computers  (168 on the Dell laptop and 135 on the Toshiba laptop) (DE:20:3).   The proffer does not purport to limit the number of *images* on the videos, nor does it limit the application of §

17

2G2.2, comment. (n. 4(B)(ii)), which requires each video to be considered to have 75 images.   Moreover, at the outset of the sentencing proceedings, Kamer's counsel assured the district court that he had no objections to Probation's guidelines calculations in the PSI (DE:41:5).   Kamer has demonstrated no error that warrants review.

### B. The District Court's Failure to Consider the Need to Provide Restitution Prior to Imposing Sentence Does Not Require Reversal for a New Sentencing.

Kamer faults the district court for failing to consider the need for restitution to the victims of his offenses prior to sentencing him to concurrent terms of 15 years' imprisonment (Br. at 23-25). The gravamen of his argument appears to be that, by failing to consider the need for restitution at that point, the district court failed to consider one of the 18 U.S.C. § 3553(a) factors – "the need to provide restitution to any victims of the offense" (*see* 18 U.S.C. § 3553(a)(7) – in determining his sentence.   As a result, he claims, he is entitled to reversal and a new sentencing. His argument fails for several reasons.

First, the district court could not have considered the need to provide restitution to any victims prior to imposing sentence in this case.   The victims in this case were the individuals who, as minors, were depicted in the still images and videos of child pornography that were discovered on Kamer's laptop computers.

18

As the prosecutor explained at sentencing, these images were sent to the National Center for Missing and Exploited Children (NCMEC), which maintains a database of images of known victims of child pornography offenses who are seeking restitution in cases involving images of them (DE:41:27-34).   The NCMEC determines whether the images match any known victims of child pornography offenses.   At the time of sentencing, the NCMEC had not completed its analysis and the prosecutor could not represent to the court whether there were any victims who would seek restitution (*id.* at 34).

It was not necessary that the victim losses be identified by the time of sentencing.   The restitution statute specifically permits the district court to postpone the restitution hearing until 90 days after sentencing if the victim's losses are not ascertainable at the time of sentencing.   18 U.S.C. § 3664(d)(4).   Thus, the district court's musing that it should have determined restitution at the outset of the sentencing proceeding was inconsistent with the statutory scheme and its failure to consider restitution at that point provides no basis for reversal.

Second, although the district court is required at sentencing to consider the § 3553(a) factors, the court is not required to incant the specific language used in the guidelines or articulate its consideration of each individual § 3553(a) factor, so long as the record reflects the court's consideration of many of those factors. *See United*

19

*States v. Ghertler*, 605 F.3d 1256, 1262 (11th Cir. 2010); *see also United States v. Flores*, 572 F.3d 1254, 1271 (11th Cir. 2009) ("The district court explicitly stated that it considered the § 3553(a) factors and did not need to individually discuss each of these factors."); *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) ("In consideration of the § 3553(a) factors, the district court does not need to discuss or state each factor explicitly. . . . An acknowledgment the district court has considered the defendant's arguments and the § 3553(a) factors will suffice."). Moreover, there was no need for the district court to specifically discuss § 3553(a)(7) at sentencing when the government did not know at that point whether there were any identifiable victims who would seek restitution.

Finally, Kamer has failed to show how the district court's failure to consider the need to impose restitution had any effect on the concurrent 15-year terms of imprisonment that were imposed in this case.   The need to provide restitution to any victims of the offenses was not relevant to the district court's determination of the length of Kamer's terms of imprisonment.   There were several other 18 U.S.C. § 3553(a) factors that were relevant at that stage of the proceedings and, as we discuss in Argument Section III, below, the district court carefully considered each of those factors in determining the sentence in this case.   Those factors included the nature and circumstances of the offense and the history and characteristics of the defendant

(18 U.S.C. § 3553(a)(1)); the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (§ 3553(a)(2)(A)); the need to afford adequate deterrence to criminal conduct (§ 3553(a)(2)(B)); and the need to protect the public from further crimes of the defendant (§ 3553(a)(2)(C)) (DE:47:12-15).   Ultimately, the district court determined that a sentence within the advisory guidelines range was appropriate. There is nothing in the record that suggests that the district court sentenced Kamer to a longer term of imprisonment than it otherwise might have because it did not order restitution.   In fact, the district court did not determine until four months later that it would not order restitution in this case (*see* DE:47, 51).

## C. The District Court Properly Considered the Need to Avoid Unwarranted Sentence Disparities in Sentencing Kamer.

Kamer's final challenge to the procedural reasonableness of his sentence is based on the district court's purported failure to adequately consider the need to avoid unwarranted sentencing disparities (Br. at 25-26).   He argues that he submitted numerous cases to the district court in which courts had imposed significantly more lenient sentences on similarly situated defendants[8] and the district court "provided no meaningful analysis or rebuttal of the cases" (Br. at 26).

---

[8]     By "similarly situated," Kamer apparently means defendants, like Kamer, who are first-time offenders, did not produce the child pornography that they possessed, and accepted responsibility for their crimes (*see* Br. at 25).

The district court properly considered counsel's arguments, but reached its own sentencing determination upon consideration of the Sentencing Commission's 2013 Report to Congress and the specific facts of this case.

Although Kamer has couched his claim in terms of procedural reasonableness, he has actually challenged the substantive reasonableness of his sentence. This Court considers whether the sentence was substantively reasonable in light of the totality of the circumstances. The party challenging the sentence has the burden of showing that it is unreasonable in light of the record and the 18 U.S.C. § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). Generally, the weight accorded to any of those factors is committed to the sound discretion of the district court, and this Court will not substitute its judgment in weighing the relevant factors. *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007) (quotation omitted). The district court must evaluate all of the § 3553(a) factors, but it may "attach great weight to one factor over others." *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009) (citation omitted). This Court will defer to the district court's judgment regarding the weight to be given to the § 3553(a) factors unless the district court has made "a clear error of judgment" and has imposed "a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. McBride*, 511 F.3d 1293, 1297–98 (11th Cir.

2007) (quotation omitted).

In his sentencing memorandum, Kamer cited to several decisions outside the Eleventh Circuit in which courts had sentenced defendants below the guideline range achieved through the application of USSG § 2G2.2 based on their determination that the guidelines sentencing range was far greater than necessary for a first-time offender who was not involved in producing or selling child pornography, had no history of sexual contact with minors, and had accepted responsibility (*see* DE:24:2-5). Counsel also relied on the Sentencing Commission's 2013 report to Congress on the child pornography guidelines for non-production offenders. Counsel referred to these sources only generally at the sentencing hearing (*see* DE:42:8 "I would simply echo the sentiments of countless other district court judges as well as the Sentencing Commission which I made reference to in my memorandum of sentencing").

In determining the proper sentence in this case, the district court acknowledged defense counsel's arguments, but noted that "[t]here is some variety of opinions among district court judges about child pornography" (DE:41 at 12). The court noted that there are "two sides" to the issue. The court acknowledged that defense counsel had discussed one side extensively in his sentencing memorandum, in which counsel had relied on decisions of various courts as well as

the Sentencing Commission's 2013 Report. The court then quoted the following

portions of the Report in which the Commission discussed the seriousness of child

pornography offenses:

> All child pornography offenses including the simple possession of child pornography are extremely serious, because they both result in perpetual harm to victims and validate and normalize the sexual exploitation of children. Child pornography offenses inherently involve the sexual abuse and exploitation of children. Typical child pornography, possessed and distributed by federal child pornography offenders today, depicts prepubescent children engaging in graphic sex acts often with adult men.

The court continued:

> Child pornography victims are harmed initially during the production of images, and the perpetual nature of child pornography distribution on the Internet causes significant additional harm to victims. Many victims live with persistent concern over who has seen images of their sexual abuse and suffer by knowing that their images are being used by offenders for sexual gratification and potentially for grooming new victims of child sexual abuse.

The court further noted the following finding in the Sentencing Commission's

report:

> The ready availability of child pornography on the Internet, the existence of online child pornography communities that validate child sexual exploitation, and a growing but largely noncommercial market for new images, all contribute to the further production of child pornography in the process to the sexual abuse of children.

(*id.* at 14-15).

Having discussed the Sentencing Commission's 2013 Report, the court turned its attention to a review of the "very serious" facts of this case (*id.* at 15-17).  The court gave a considerably detailed explanation to support its sentencing decision.   Specifically, the court noted, with descriptive references to some of the images, the very graphic content they contained (*id.* at 15-16); the number of still images and videos on Kamer's two laptop computers (*id.* at 16); the length of the videos and the young age of the children depicted in them (*id.* at 16); and the fact that Kamer had been viewing child pornography for approximately 12 years and that he had stated he was unable to resist the temptation to view it, although he was aware that it was illegal (*id.* at 14-15).    Based on these facts, the court concluded that it would disagree with the results in the cases cited by Kamer, in which the courts had sentenced defendants in child pornography cases to below guidelines sentences (*id.* at 18).   In the same vein, the district court also shared his perspective that other district court judges might deem a sentence of 40 years' imprisonment (20 years as to each count of conviction) to be appropriate (DE41:17).

The district court's careful consideration of defense counsel's arguments, the Sentencing Commission's 2013 Report, and the specific facts of this case, as

outlined above, belies Kamer's assertion that the court failed to offer any meaningful analysis of the cases that he had brought to the court's attention. The court considered but rejected the notion that application of § 2G2.2 would result in an overly harsh sentence in this case.  As this Court noted recently in *Cubero*, the Commission's 2013 report does not heighten the district court's statutory duty to state the reasons for imposing a particular sentence.  *Cubero*, ___ F.3d at ___, slip op. at 12.

The district court also carefully evaluated all of the § 3553(a) factors. Those factors included the nature and circumstances of the offense and the history and characteristics of the defendant (18 U.S.C. § 3553(a) (1)); the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (§ 3553(a)(2)(A)); the need to afford adequate deterrence to criminal conduct (§ 3553(a)(2)(B)); and the need to protect the public from further crimes of the defendant (§ 3553(a)(2)(C)) (DE:41:12-17). In doing so, the court was permitted to "attach great weight to one factor over others." *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009) (citation omitted).

In this case, the district court was most concerned about the societal impact of child pornography, the sheer volume and graphic nature of the child pornography images and videos on Kamer's two laptop computers, as well as the fact that Kamer

had been viewing child pornography for more than 12 years and had been unable to stop. In addition, the court was mindful of the need for the sentence imposed to avoid unwarranted sentence disparity among similarly situated defendants (§ 3553(a)(6)).

While another judge may have weighed all of the factors present in this case differently, this Court should defer to the district court's judgment regarding the weight to be given to the § 3553(a) factors here.   Kamer has not demonstrated that the district court made "a clear error of judgment" or that he imposed "a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. McBride*, 511 F.3d 1293, 1297–98 (11th Cir. 2007) (quotation omitted).   The fact that other judges in other jurisdictions may have reached different results on similar facts does not undermine the substantive reasonableness of the sentence imposed in this case.   The 15-year sentence in this case was well below the statutory maximum of 20 years' imprisonment that applied to both counts of conviction.   That fact is also indicative of the reasonableness of the sentence. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008); *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).

## Conclusion

For the foregoing reasons, the district court's decision should be affirmed.

Respectfully submitted,

Wifredo A. Ferrer
United States Attorney

By:   s/   Kathleen M. Salyer
Kathleen M. Salyer
Assistant United States Attorney
Chief, Appellate Division
99 N.E. 4th Street, #500
Miami, FL 33132
(305) 961-9130
Kathleen.salyer@usdoj.gov

Carol Herman
Assistant United States Attorney

Of Counsel

## Certificate of Compliance

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements for Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally-based typeface using Microsoft Word 2010, 14-point Times New Roman.

## Certificate of Service

I hereby certify that seven copies of the foregoing Brief for the United States were mailed to the Court of Appeals via Federal Express this 3rd day of July, 2014, and that, on the same day, the foregoing brief was filed using CM/ECF and served via CM/ECF on Andrew Paul Kawel, counsel for appellant Kamer.

  s/   Kathleen M. Salyer

Kathleen M. Salyer
Assistant United States Attorney

*jp*